**Elihu FIER, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 02–6093.**

United States Court of Appeals, Second Circuit.

Dec. 16, 2002.

Elihu Fier, Boca Raton, FL, for Appellant, pro se.

Rebecca Martin, Assistant United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. F.I. PARKER, Hon. STRAUB, and Hon. B.D. PARKER, JR., Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 16th day of December, Two Thousand and Two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Elihu Fier, acting pro se, appeals from the March 21, 2002 order of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*), granting defendant-appellee the United States of America's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. On appeal, Fier challenged the district court's ability to find facts in the context of a 12(b)(1) motion and asserted that contrary to the district court's finding, his disbursement to the Internal Revenue Service, which matched his tax liability to the penny, was a deposit, rather than a payment of that liability. He further asserted that the statute of limitations had not yet run prior to his filing his action.

When considering a motion pursuant to Federal Rule of Civil Procedure 12(b)(1), district courts may make findings of fact. *See Rent Stabilization Ass'n v. Dinkins,* 5 F.3d 591, 594 (2d Cir.1993). We review district court decisions "to dismiss an action for want of subject matter jurisdiction on a Rule 12(b)(1) motion for clear error with respect to factual findings and de novo with respect to legal conclusions." *Virtual Countries, Inc. v. Republic of South Africa,* 300 F.3d 230, 235 (2d Cir. 2002). We find no error here, clear or otherwise.

The judgment of the district court is AFFIRMED for substantially the same reasons stated by the district court; further, the government's motion to strike part of the joint appendix is denied as moot.